53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Michael BULLARD, Defendant-Appellant.
 No. 94-5662.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 18, 1995.
Decided May 2, 1995.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-94-30)
 Todd W. Reed, REED & PETTYS, Charleston, WV, for Appellant. Rebecca A. Betts, United States Attorney, Michael O. Callaghan, Assistant United States Attorney, Charleston, WV, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Willie Bullard appeals from his conviction, entered pursuant to his guilty plea, for conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846 (1988). Bullard's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising arguments relating to Bullard's sentence, but also stating that, in his view, there are no meritorious arguments on appeal. Bullard has also personally filed a brief on appeal.
 
 
 2
 Initially, we reject counsel's challenges to the district court's imposition of a term of five years of supervised release following Bullard's ten-year sentence. Under the terms of the applicable statute, the court lacked discretion to impose any lesser term of supervised release. See 21 U.S.C.A. Sec. 841(b)(1)(A) (West 1988 & Supp.1993). We also reject Bullard's claims that the court erred by finding that it was required to impose upon him the mandatory minimum sentence of ten years incarceration pursuant to Sec. 841(b). The object of the conspiracy in this case involved 9,891.8 grams of cocaine, a quantity which subjected Bullard to the mandatory minimum period prescribed by the statute. See United States v. Irvin, 2 F.3d 72, 78 (4th Cir.1993). While Bullard contends that the mandatory minimum was not intended to apply to offenders such as himself who are not proven to be "drug kingpins," we note that the only relevant authority Bullard cites for this proposition explicitly rejects his view. See United States v. Martinez-Zayas, 857 F.2d 122, 131-32 (3d Cir.1988).
 
 
 3
 Bullard also argues that imposition of a mandatory ten-year sentence for his crime violates the Eighth Amendment's prohibition against cruel and unusual punishment. This Court, however, has previously considered and rejected this argument. See United States v. Whitehead, 849 F.2d 849, 860 (4th Cir.), cert. denied, 488 U.S. 983 (1988). Bullard's remaining claims pertain to the conduct of his attorney at sentencing, and amount to allegations that he received ineffective assistance of counsel. Unless, however, counsel's ineffectiveness is apparent from the record, we have held that such claims should be raised in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988), rather than on direct appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992). Since counsel's ineffectiveness is not apparent from the record in this case, we decline to review Bullard's contentions.
 
 
 4
 We have examined the entire record in this case in accordance with the requirements of Anders, supra, and find no meritorious issues for appeal. We note that counsel has filed a motion with this Court to withdraw as counsel for Bullard, and that Bullard requests a new attorney in his brief. We further note, however, that indigent defendants have no right to a particular attorney, and that substitute counsel may only be demanded for good cause, which Bullard has not demonstrated. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir.), cert. denied, 487 U.S. 1211 (1988).
 
 
 5
 Moreover, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court at that time for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Accordingly, counsel's motion is denied.
 
 
 6
 We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.